IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 2:13-cr-040-MEF |
| | ) | (WO) |
| BRYANT ALLEN THOMPSON | ) | |
| QUINCY SINTELL WALTON | ) | |

## **O R D E R**

On April 17, 2013, defendants filed an Unopposed Motion to Continue Trial (Doc. #23). While the granting of a continuance is left to the sound discretion of the trial judge, *United States v. Warren*, 772 F.2d 827, 837 (11th Cir. 1985), the Court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Speedy Trial Act provides generally that the trial of a defendant in a criminal case shall commence within 70 days of the latter of the filing date of the indictment or the date the defendant appeared before a judicial officer in such matter. 18 U.S.C. §3161(c)(1). *See United States v. Vasser*, 916 F.2d 624 (11th Cir. 1990).

The Act excludes from this 70 day period any continuance that the judge grants "on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).

The motion states that while discovery is complete as to what documentation is in the government's possession, it has become apparent that additional investigation is necessary in order to supplement the information that has been provided by the government. Among the required investigation will be obtaining documentary and other evidence from the

Alabama Department of Corrections as well as one or more local cable providers in the Montgomery, Alabama area. Additional time is required in order to complete these investigations. In addition, defense counsel will be in trial until approximately two weeks before the current trial date which will make it extremely difficult if not impossible to properly prepare this case for trial if left set on the present trial date. The government does not oppose the motion. Consequently, the Court concludes that a continuance of this case is warranted and that the ends of justice served by continuing this case outweighs the best interest of the public and the defendant in a speedy trial. *See United States v. Davenport*, 935 F.2d 1223, 1235 (11th Cir. 1991)(reasonable time necessary for effective preparation is a significant factor for granting a continuance under the Speedy Trial Act).

Accordingly, it is hereby ORDERED:

1. That the defendant's motion to continue filed on April 17, 2013 is GRANTED.

2. That the trial of this case is continued from the June 24, 2013 trial term to the October 7, 2013 trial term in Montgomery, Alabama.

3. That the Magistrate Judge conduct a pretrial conference prior to the October 7, 2013 trial term.

DONE this the 22nd day of April, 2013.

                                            /s/ Mark E. Fuller
                                      UNITED STATES DISTRICT JUDGE