IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIM. CASE NO. 2:13-cr-40-ECM |
| | ) | (WO) |
| BRYANT ALLEN THOMPSON | ) | |

**MEMORANDUM OPINION and ORDER**

Now pending before the Court is Defendant Bryant Allen Thompson's ("Thompson") *pro se* motion based on updated information for judicial recommendation concerning residential reentry center placement filed on January 21, 2020. (Doc. 207). Thompson seeks a recommendation from the Court to the Federal Bureau of Prisons ("BOP") that he receive twelve months placement in a Residential Reentry Center. (*Id.*). The United States previously deferred to the Court as to whether the Defendant's motion should be granted. (Doc. 205).

On June 3, 2014, Thompson was sentenced to a one hundred and twenty (120) month term of imprisonment after being convicted of conspiracy to defraud the government, wire fraud and aggravated identity theft. (Doc. 150). Thompson's scheduled release date has been moved forward to February 3, 2022 due to Thompson's successful completion of the BOP's RDAP program. (Doc. 207). Thompson requests a judicial recommendation for maximum placement in a Residential Reentry Center so that he can better parent his daughter and reintegrate into his community. In support of his motion, Thompson asserts that he has an "exemplary prison record" and he has availed himself of the numerous classes offered by the BOP to improve himself. He has completed the BOP's Residential Drug Abuse Program; completed courses in parenting, real

estate, home ownership, finance, business planning, credit, investments, and gardening. He also completed his GED while incarcerated.

The BOP is responsible for designating "the place of the prisoner's imprisonment." 18 U.S.C. § 3621(b). The Second Chance Act, 18 U.S.C. § 3624, permits the BOP to place a prisoner in a Residential Reentry Center to afford the prisoner "a reasonable opportunity to adjust to and prepare for the reentry . . . into the community." 18 U.S.C. § 3624(b)(1). In determining where a prisoner should serve his sentence, the BOP considers five factors listed in 18 U.S.C. § 3621(b), including any recommendation from the Court. Although the Director is responsible for Thompson's eventual placement, the BOP must consider "any statement by the court . . . recommending a type of penal or correctional facility as appropriate." 18 U.S.C. § 3621(b)(4)(B). For the reasons that follow, the Defendant's motion for a judicial recommendation is due to be granted.

The Court is impressed with the actions Thompson has taken while incarcerated to improve himself, and commends him on his successes to date. Thompson has offered evidence that he has completed 9 classes offered by the BOP, as well as RDAP, designed to assist him in developing skills that will aid him in his re-entry into his community. He represents to the Court that he has a "flawless disciplinary record," and has earned "positive performance evaluations for [his] institutional job assignment." (Doc. 200 at 2). He participates in self-help and self-improvement classes. (*Id.*). He has family support, and desires to become a contributing member of society upon his release.

Accordingly, upon consideration of the motion, and for good cause, it is

ORDERED that the Defendant's motion for a judicial recommendation concerning length of residential reentry center placement (doc. 207) is GRANTED and the Court RECOMMENDS that the Defendant be transferred to a local Residential Reentry Center twelve (12) months prior to the completion of his sentence.

Done this the 31st day of January, 2020.

    /s/Emily C. Marks
EMILY C. MARKS
CHIEF UNITED STATES DISTRICT JUDGE